MARY B. CROSBY, Plaintiff in Error,

*vs.*

COLUMBUS GERMAN, Defendant in Error.

ERROR TO DODGE CIRCUIT COURT.

An executory contract of bailment does not give the bailee named in the contract the right of possession in the property; but such right accrues to the bailee only on delivery.

THIS was an action of replevin commenced before a justice of the peace for Dodge county, by the plaintiff in error against the defendant in error, for one yoke of oxen, where the plaintiff obtained judgment, and the defendant appealed.

The cause was tried at the April term of the Circuit Court of Dodge county.

On the trial in the court below, the plaintiff called as a witness Ebenezer Crosby, who testified that he was a brother of the plaintiff; that in the month of March preceding, he purchased the cattle in dispute of one Moses Ordway for the plaintiff; that being desirous of, and intending to go to Minnesota, he had a conversation with his sister, the plaintiff, in relation to his plans and objects; that he told her he had not team enough, and wanted another yoke of oxen to take along with him; that the plaintiff informed him that she had a note for $100 against one Fox, secured by mortgage due some time hence, but she wanted the money before it was due, and would like to put it in such shape that she could use it if she desired before it became due; and she proposed, that if the witness could purchase a yoke of cattle with the note, she would let him have them to go to Minnesota with, and if she wanted the money at any time she would inform him, when he would sell the cattle and remit to her the proceeds. Upon these terms she let him have the note and mortgage, with which he purchased the cattle of Ordway. The witness intended to start for Minnesota the next Monday, and at his request Ordway agreed to keep the cattle until that time. Witness went

daily to water the cattle, but when he went for that purpose on the Sunday following, the cattle were gone. He did not disclose to Ordway his agency in the purchase of the cattle, and the note was negotiable.

It was admitted by the defendant, that he took the cattle in question from the premises of Ordway on Saturday evening, and detained them until they were replevied.

Upon this state of facts the court below nonsuited the plaintiff, whereupon this writ of error was sued out.

*Billinghurst,* for the plaintiff in error.

*D. L. Ordway,* for the defendant.

*By the Court,* SMITH, J. We think the court below erred in granting the nonsuit on motion of the defendant in error. The contract between Mary B. Crosby and Ebenezer Crosby for the loan of the cattle to go to Minnesota, was executory. He was her agent in purchasing the cattle, and she was entitled to the possession of them until she should have delivered them to him under the contract of bailment. According to the evidence he was to purchase the cattle for her if he could, with the Fox note, which was her property. He did so. The cattle then became her property, and she might refuse to fulfill her contract of bailment, leaving him to his action for damages. There is no evidence that she ever delivered the cattle to him, or that he ever had possession of them under the contract of bailment; and even if it were so, the bailment was for a specific purpose; and we are by no means satisfied that the case of the defendant (a mere *tort feasor*) would have been better. As it is, at the time of the taking of the cattle by the defendant, the possession of Ebenezer, the agent, was the possession of Mary, the principal.

The judgment of the court below is reversed, and cause remanded for further proceedings according to law.